IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02848-CBS

VINCENT GABRIEL,

      Plaintiff,

v.

WAL- MART STORE 1273,

      Defendant.

---

## CONFIDENTIALITY AND PROTECTIVE ORDER

---

IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiff, and Defendant, through counsel, that Defendant will produce certain documents in response to Plaintiff's Requests for Production, which it considers confidential, proprietary, competitively sensitive, and/or privileged.

The production of the documents by the Defendant and use of the documents by Plaintiff will be pursuant to the following terms, restrictions and conditions:

1.     All such documents shall be stamped "CONFIDENTIAL" by Defendant.  It is agreed that the documents so designated (hereinafter referred to as "documents") are subject to this Protective Order.

2.     Information obtained by the Plaintiff from the documents and the documents themselves shall be used only for the purpose of prosecuting this action and only this action.

3.     Defendant shall not designate any document "CONFIDENTIAL" that has been admitted into evidence at any trial or hearing, unless the Court: (a) sealed public access to the document and/or closed the hearing/trial to the public; or (b) any motion to do so is pending.

4.     CONFIDENTIAL documents, materials, and/or information (collectively "Confidential Information") shall not, without the consent of Defendant or further Order of the Court, be disclosed except that such information may be disclosed to:

(a)     attorneys plaintiff or defendant may retain actively working on this case;

(b)     persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c)     the parties, including designated representatives for the entity defendant;

(d)     expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(e)     the Court and its employees ("Court Personnel");

(f)     stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g)     deponents or witnesses; and

(h)     other persons by written agreement of the parties.

5.     Plaintiff shall first obtain a written agreement from each individual, identified under paragraph 4 of this Protective Order (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), who will review any or all of the documents or

receive information therefrom that they agree to hold all such documents in confidence and agree to the terms and conditions set forth in **Exhibit A**, including that the individual will not reproduce the documents, transfer the documents or divulge information obtained therefrom to any other entity or person for any purpose. The written agreement shall be in the form attached hereto as **Exhibit A**.

6.      In the event that Confidential Information or documents are discussed or made exhibits to any deposition, the deposition shall remain confidential and shall not be used or distributed for any purpose other than in connection with this litigation.  Defense counsel must designate the deposition confidential at the time of the deposition.  Within 14 calendar days of receipt of the deposition transcript, defense counsel must advise counsel for all parties of the specific portions of the transcript designated confidential.

7.      Plaintiff may object to Defendant's designation of particular Confidential Information by giving written notice to Defendant disputing the designated information within 14 days of the date of production of the Confidential Information. The written notice shall identify the information to which the objection is made.  If no written notice of objection is received by Defendant's counsel within 14 days of the date of production of the Confidential Information, any such objection is agreed by the parties hereto to be waived.  If the parties cannot resolve the objection within 14 business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order.  If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until

the Court rules on the motion.  If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order.  In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

8.      At the conclusion of the action, Plaintiff will promptly furnish to counsel for Defendant, Sutton | Booker | P.C., a letter which identifies all persons or entities to whom documents or information has been disclosed along with a copy of the list maintained pursuant to paragraph 5 and a copy of the written agreement regarding confidentiality obtained from each person or entity.  Counsel for Plaintiff will return to counsel for Defendant, Sutton | Booker | P.C., within 30 days of the conclusion of this case, the original documents plus all copies or reproductions of any kind made from the documents, including but not limited to notes, extracts, compilation and photocopies, and all depositions referring in any way to the confidential documents on information contained therein.

9.      In the event that Confidential Information is used in any court filing or proceeding in this action, including but not limited to its use at trial, it shall not lose its confidential status as between the parties through such use.  However, Confidential Information and pleadings or briefs quoting or discussing Confidential Information will not be accepted for filing "under seal" or otherwise kept out of the public record in this action except by court order issued upon motion of the party seeking to file the documents under seal.  Any motion requesting leave to file

4

documents under seal shall comply with the requirements of D.C.Colo.LCivR 7.2 and applicable case law standards.

10.     The production of such documents or information by the parties shall not constitute a waiver of any privilege, or claim or right of withholding, or confidentiality.

11.     This Protective Order survives this case for the purpose of enforcement.

12.     This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.


DATED at Denver, Colorado, on March 31, 2015.

BY THE COURT:


*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

**Vincent Gabriel v. Wal-Mart Store 1273.**
Civil Action No. 1:14-cv-02848-CBS

<u>**COMMITMENT OF QUALIFIED PERSON PURSUANT**
**TO PROTECTIVE ORDER**</u>

My full name is: _____

My address is: _____

My present employer is: _____

My present occupation or job description is: _____

I hereby affirm that:

1.    I have received or reviewed the following confidential documents numbered Gabriel Confidential_____. I will not reproduce or transfer any of the documents I reviewed or received.

2.    I have received and read a copy of the Protective Order entered into the action entitled *Vincent Gabriel v. Wal-Mart Store 1273,* Case Number: 1:14-cv-02848-CBS.

3.    I understand the terms thereof and agree to be bound thereby. I will not disclose any information from the documents to persons not identified in paragraphs 4 and 5 of the Protective Order. I will use any such information only with respect to this case;

4.    I will return all documents that come into my possession and all documents or things which I have prepared which contain such information to the party or any attorney representing the party that has employed or retained me; and

5.    I am aware that a violation of such an agreement may result in civil liability. I submit to the jurisdiction of this Court for the purposes of enforcement of the Protective Order.

DATED this _____ day of _____, 2015.

By: _____

**Exhibit A**

6